UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig Chestnut, | ) C/A No. 3:10-200-TLW-JRM |
| Plaintiff, | ) |
| vs. | ) |
| South Carolina Department of Corrections, Turbeville Corrections Institution; Ms. Crill, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Craig Chestnut (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Turbeville Correctional Institution (TCI), a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC and a TCI nurse as Defendants.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

(1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

On December 13, 2009, Plaintiff was given his "normal medication along with a new medicine" by Defendant Ms. Crill, a nurse at Turbeville Correctional Institution. (Complaint, page 3). Plaintiff began to experience head pain later that evening, which he attributed to the new medication. The new medication was not administered the following night, when Plaintiff learned that he had erroneously been given the extra pill by Defendant Crill. Plaintiff has been experiencing severe headaches since ingesting the incorrect pill, and has sent several requests to see a doctor, which have gone unanswered. Plaintiff states he would like to take the Defendants "to Court and file[] a lawsuit on the State." (Complaint, page 5).

Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff has named one Defendant, the South Carolina Department of Corrections, which is protected from a suit, brought pursuant to § 1983, by the Eleventh Amendment. The Eleventh Amendment forbids a federal court from rendering a judgment against

an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court, in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state. *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). State agencies and state instrumentalities, such as the South Carolina Department of Corrections, share this immunity when they are the alter egos of the state.[3] *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). As the South Carolina Department of Corrections is protected by Eleventh Amendment immunity, this Defendant is entitled to summary dismissal from the instant action.

Although the complaint is unclear, it is possible that Plaintiff may have intended to name Turbeville Correctional Institution as a separate Defendant in this action.[4] However, it is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action

---

[3] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

[4] The caption of Plaintiff's complaint listed the Defendants as follows: South Carolina Department of Corrections/Turbeville Corrections Institution. Plaintiff did not provide separate service documents for SCDC and Turbeville Correctional Institution, therefore, this entity was listed as one Defendant on the Court's docket.

must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). As Turbeville Correctional Institution is not a "person" amenable to suit under § 1983, any claims Plaintiff may be attempting to raise against this entity are subject to summary dismissal.

The complaint names Defendant Crill for administering the wrong medication to the Plaintiff on December 13, 2009. Liberally construed, Plaintiff could be alleging a claim of deliberate indifference to medical needs against this Defendant. Deliberate indifference is a very high standard, which requires more than a showing of mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976), and "more than ordinary lack of due care" for a prisoner's interests or safety. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In order to act with deliberate indifference, a defendant must know of, and disregard, an excessive risk to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 835-836 (1994). *See also Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). The present complaint provides no facts to indicate that Defendant Crill had knowledge that she was giving Plaintiff the wrong medication, or that she disregarded any known risk to Plaintiff's health or safety. Instead, Plaintiff allegations are based on this Defendant's erroneous and inadvertent actions, which do not rise to the level of deliberate indifference. *See Grayson v. Peed*,

5

195 F.3d 692, 695-696 (4th Cir. 1999)("the Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences)" .

In as much as the Plaintiff is claiming negligence or incorrect medical treatment, such a claim is also subject to dismissal. The law is well settled that negligence, in general, is not cognizable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). Similarly, medical malpractice, a state law tort, is not actionable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). As negligence and medical malpractice are not constitutional violations under § 1983, any such claims alleged by Plaintiff must fail.

Plaintiff also claims he has been denied treatment by a doctor since ingesting the wrong medication. However, the complaint contains no indication that Defendant Crill, the only named Defendant amenable to suit, is personally responsible for Plaintiff's lack of medical care. A Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). As Defendant Crill had no personal involvement in Plaintiff's alleged denial of medical care, any deliberate indifference claim based on these allegations is subject to summary dismissal.

Finally, it is noted that the "Relief" section of Plaintiff's complaint expresses his desire to take the Defendants to court, but fails to indicate the type of relief sought by the Plaintiff. Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be

rendering an advisory opinion. Such action is barred by Article III of the Constitution. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions). In any event, as Plaintiff fails to state a claim upon which relief may be granted, the complaint in this case should be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

February 12, 2010  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).